Dorothea Riley, Bond Counsel City of Lenexa 1010 Grand Boulevard, Suite 500 Kansas City, Missouri 64106-2220
Dear Ms. Riley:
As bond counsel for the City of Lenexa, you request our assistance in determining whether a proposition approved by the city's electors authorizes the levy of a retailers' sales tax for general purposes, thus allowing collection of the tax for more than 10 years. Clarification is required to determine the effect of amendments adopted by the Legislature during the 2006 and 2007 legislative sessions.
The procedure for levying a retailers' sales tax is set forth in K.S.A. 12-187 et seq. (the "Act"). Historically, the process was initiated by a city's governing body submitting to the electorate a proposition seeking approval of the retailers' sales tax levy.[1] The proposition included the rate and effective date of the sales tax[2]
and "a statement generally describing [the] purpose or purposes" for which the revenue was to be used.[3] The Act established four classifications of cities, with the rate at which a city could fix its retailers' sales tax dependent upon which of the four classifications the city fell.[4] An additional sales tax levy was authorized in designated cities for the purpose of financing health care services, [5] economic development or strategic planning initiatives, or public infrastructure projects.[6] However, because the Act was nonuniform, [7] a city was able to exercise its home rule authority, thereby establishing a retailers' sales tax at a rate above those authorized by the Legislature. The city was able to designate a "special project" towards which the revenues would be applied, with the tax terminating when the costs of the special project were paid, [8] or could pledge all or a portion of the revenues towards "general purposes"[9] designated by the city, ostensibly allowing the tax to continue until repealed by the city's governing body.[10] Once a proposed sales tax was approved by a vote of the electorate, [11]
neither the city's governing body nor the electorate had the authority to modify the purpose or purposes for which the retailers' sales tax was levied.[12]
In order to bring uniformity to the Act and thereby preclude the exercise of home rule authority, the Legislature in 2006 and 2007 deleted the city classifications and tax rate differential provisions from K.S.A. 12-187 and 12-189.[13] The authority for additional levies for financing health care services, economic development or strategic planning initiatives, or public infrastructure projects was also deleted from the Act.[14] The Legislature, instead, introduced the concept of levying a retailers' sales tax for "general purposes" or "special purposes." K.S.A. 2007 Supp. 12-189 now states in part:
 "The rate of any city retailers' sales tax shall be fixed in increments of .05% and in an amount not to exceed 2% for general purposes and not to exceed 1% for special purposes which shall be determined by the governing body of the city. For any retailers' sales tax imposed by a city for special purposes, such city shall specify the purposes for which such tax is imposed. All such special purpose retailers' sales taxes imposed by a city shall expire after 10 years from the date such tax is first collected."[15]
 The Act does not define "general purposes" or "special purposes." Clarification is sought as K.S.A. 2007 Supp. 12-187 requires that a city "proposing to levy any retailers' sales tax shall specify the purpose or purposes for which the revenue would be used" while K.S.A. 2007 Supp. 12-189 requires that the purposes be specified "[f]or any retailers' sales tax imposed by a city for special purposes."
The rules of statutory construction are followed to determine the proper interpretation of the provisions.
 "When courts are called upon to interpret statutes, the fundamental rule governing that interpretation is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. For this reason, when the language of a statute is plain and unambiguous, courts need not resort to statutory construction. . . . But where the face of the statute leaves its construction uncertain, the court may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested.
 "As a general rule, courts should construe statutes to avoid unreasonable results and should presume that the legislature does not intend to enact useless or meaningless legislation. Courts ascertain the legislature's intent behind a particular statutory provision from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.
 . . . .
"Furthermore, when courts are called upon to review an amendment to a statute, they presume the legislature had and acted with full knowledge and information as to the subject matter of the statute, as to prior and existing law and legislation on the subject of the statute and as to the judicial decisions with respect to such prior and existing law and legislation. In the same vein, courts presume that when the legislature revises an existing law, it intended to change the law as it existed prior to the amendment."[16]
It is clear that the Legislature intends to allow a city to levy retailers' sales taxes for a total of not to exceed three percent. At the time that the Legislature adopted the amendments, it was aware that a city "proposing to levy any retailers' sales tax" was obligated to specify the purpose or purposes for which the revenue would be used and that such purposes could be either for a special project or for general purposes. The requirement in K.S.A. 2007 Supp. 12-189 that a city specify the purpose or purposes for which a special purpose retailers' sales tax is being levied does not add a new requirement or restrict the existing authority of the city. Regardless whether the retailers' sales tax is levied for general purposes or special purposes, a city is required to specify the purposes for which the revenues will be used.
By authorizing a retailers' sales tax levy of not to exceed two percent for "general purposes" and not to exceed one percent for "special purposes," without providing any further guidance as to what may constitute such purposes, the Legislature is continuing its longtime deference to the city to determine the purposes for the levy. The Legislature is presumed to ascribe the ordinary and common meaning to the words it uses.[17] Therefore, in determining which purposes are general versus special, we look to the ordinary meaning of the terms. "General . . . relates to the whole kind, class, or order[; p]ertaining to or designating the genus or class, as distinguished from that which characterizes the species or individual; universal, not particularized, as opposed to special,"[18] while "special" is "[r]elating to or designating a species, kind, individual, thing, or sort; designed for a particular purpose; confined to a particular purpose, object, person, or class."[19] Whether a retailers' sales tax is levied for general purposes or special purposes is determined by the degree of specificity stated by the city as being the purposes for the levy.
On May 27, 2008, the electors of the City of Lenexa approved the following proposition:
"Shall a retailers' sales tax (also known as `Investing in Our Future') in the amount of three-eights of one percent (.375%) be levied in the City of Lenexa, Kansas (the `City'), for the purpose of:
 "(a) improving, rebuilding and maintaining roads, including but not limited to, sidewalks, storm water facilities and street lighting associated therewith;
 "(b) development and maintenance of City parks;
 "(c) design, construction and operation of cultural and recreational facilities and amenities for the community;
 "(d) all things related and necessary to such projects, including but not limited to acquisition of land, construction of public buildings and facilities associated therewith and payment of the principal and interest on bonds or other obligations issued to finance such projects;
 "Provided that such retailers' sales tax shall expire 20 years from the date of imposition, all pursuant to K.S.A. 12-187 et seq., as amended, and K.S.A. 12-195."
Each one of the stated purposes is expansive in nature. The retailers' sales tax approved by the electors of the City of Lenexa will potentially provide funding to address necessary work on all city roads, all city parks, and all of the community's cultural and recreational facilities, rather than specific roads, parks, and community cultural and recreational facilities. The stated purposes constitute general purposes under K.S.A. 2007 Supp. 12-189. The retailers' sales tax authorized by the electors of the City of Lenexa may, therefore, be levied for a period exceeding 10 years.
Sincerely,
 Steve Six Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
SS:MF:RDS:jm
[1] K.S.A. 12-187(a).
[2] K.S.A. 12-187(f).
[3] K.S.A. 12-187(h).
[4] K.S.A. 12-188. See K.S.A. 12-187(a)(2); 12-187(e); 12-189. The classifications of cities were A, B, C, and D, with the classification definitions set forth in K.S.A. 12-188.
[5] K.S.A. 12-187(a)(2).
[6] K.S.A. 12-187(e).
[7] Home Builders Association of Greater Kansas City v. City ofOverland Park, 22 Kan.App.2d 649, 667-68 (1996).
[8] K.S.A. 2007 Supp. 12-189. The provision has been in effect since 2001. See L. 2001, ch. 67, § 1.
[9] See K.S.A. 12-197. The statute became effective on July 1, 1982. L. 1982, ch. 64, § 1.
[10] See K.S.A. 2007 Supp. 12-187(e).
[11] K.S.A. 12-187(a).
[12] Attorney General Opinion No. 2007-04.
[13] See L. 2006, ch. 204, § 5; L. 2007, ch. 158, §§ 6, 7. The definitions of the four city classifications set forth in K.S.A. 12-188
were repealed in L. 2006, ch. 204, § 5. K.S.A. 12-187 and K.S.A. 12-189, however, were amended by three unreconciled bills during the 2006 legislative session, resulting in dual versions of the statutes codified as K.S.A. 12-187 and K.S.A. 12-187b and K.S.A. 12-189 and K.S.A.12-189f. The provisions of L. 2007, ch. 158, §§ 6 and 7 repealed the provisions that had been repealed in L. 2006, ch. 204, §§ 1 and 2, but which remained in effect due to the unreconciled provisions in L. 2006, ch. 191, §§ 1 and 2. K.S.A. 12-187b and K.S.A. 12-189f were repealed in L. 2007, ch. 158, § 10.
[14] See L. 2006, ch. 204, §§ 1, 2; L. 2007, ch. 158, §§ 6, 7.
[15] Emphasis added.
[16] In re Adoption of G.L.V., 190 P.3d 245, 252 (Kan., 2008) (internal citations and quotation marks omitted).
[17] State ex rel. Slusher v. City of Leavenworth, 285 Kan. 438, 447
(2007).
[18] Black's Law Dictionary 614 (5th ed. 1979).
[19] Black's Law Dictionary 1253 (5th ed. 1979).